UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JAMAAL ALI BILAL,

       Petitioner,

v.                     Case No: 2:14-cv-592-FtM-29MRM

FLORIDA STATE ATTORNEY
GENERAL and STATE OF
FLORIDA,

       Respondents.[1]

_____

**OPINION AND ORDER**

**I.**

Petitioner Jamaal Ali Bilal, a resident at the Florida Civil

Commitment Center ("FCCC") who is civilly detained under the

---

[1] Rule 2(a) of the Rules Governing Section 2254 Cases in United States District Courts (hereinafter the "Rules") provides that applicants in "present custody" seeking habeas relief should name "the state officer having custody of the applicant as respondent." The Supreme Court has made clear that there "is generally only one proper respondent to a given prisoner's habeas petition." Rumsfield v. Padilla, 542 U.S. 426, 435 (2004). This is "'the person with the ability to produce the prisoner's body before the habeas court.'" Id. at 435-436. When the petitioner is incarcerated and challenges his present physical confinement "the proper respondent is the warden of the facility where the prisoner is being held, not the attorney general or some other remote supervisory official." Id. at 436 (citations to other authorities omitted). Alternatively, the chief officer in charge of the state penal institution is also recognized as the proper named respondent. Rule 2(a), Sanders v. Bennet, 148 F.2d 19 (D.C. Cir. 1945). In this case considering the conviction and sentence Petitioner challenges, the Attorney General for Florida responded to the Petition. See docket. The State of Florida is dismissed.

Sexually Violent Predators Act, initiated this action by filing a Petition for Writ of Habeas Corpus (Doc. #1, Petition) on October 14, 2014.[2]  The Petition challenges Bilal's plea-based conviction for practicing law without a license entered on March 23, 2012 in the circuit court located in Desoto County, Florida.

Pursuant to the Court's Order, Respondent filed a "Limited Response" to the Petition (Doc. #8, Response) and attached supporting exhibits (Doc. #8-1, Exhs. 1-9).  Respondent argues that the Court lacks jurisdiction to consider the Petition because Bilal is no longer "in custody" on the practicing law without a

---

[2] By way of background, the Involuntary Civil Commitment of Sexually Violent Predators' Treatment and Care Act (hereinafter "SVP Act") is located at Fla. Stat. §§ 394.910-394.913.  The State of Florida enacted the SVP Act by which a person determined to be a sexually violent predator is required to be housed in a secure facility "for control, care, and treatment until such time as the person's mental abnormality or personality disorder has so changed that it is safe for the person to be at large."  Fla. Stat. § 394.917(2).  The SVP Act was promulgated for the dual purpose "of providing mental health treatment to sexually violent predators and protecting the public from these individuals."  Westerheide v. State, 831 So. 2d 93, 112 (Fla. 2002).  See also Kansas v. Hendricks, 521 U.S. 346 (1997) (holding that the Kansas Sexually Violent Predator Act did not establish criminal proceedings, and involuntary confinement pursuant to the Act was not punitive).  Thus, involuntary commitment of sexually violent predators under the SVP Act is accomplished by a civil, rather than a criminal, proceeding.  In its statement of "findings and intent," the State legislature said that the SVP Act was aimed at "a small but extremely dangerous number of sexually violent predators . . . who do not have a mental disease or defect that renders them appropriate for involuntary treatment under the Baker Act (§ 394.451- § 394.4789, Fla. Stat.)."  Fla. Stat. § 394.910.

license conviction.[3]  Bilal filed a "Limited Reply" (Doc. #11, Reply).  This matter is ripe for review.

## II.

Petitioner Bilal was charged with three counts of unauthorized practice of law stemming from incidents that occurred between March 21 and April 6, 2010, while Petitioner was civilly detained at the FCCC as a sexually violent predator.[4]  Response at

---

[3] The pertinent facts pertaining to Petitioner's detainment under the Sexually Violent Predators Act are taken from the Response.  Sometime during 1982, Bilal was convicted of sexual battery, among other things, in case no. 82-3171.  Response at 1. He was released from prison in 1999. Id. On September 13, 2001, Petitioner was adjudicated a sexually violent predator in Escambia County in case number 99-1507 and committed to the custody of the Florida Department of Children and Families for treatment. Id. at 2. Petitioner did not appeal.  Id. Petitioner challenged the civil commitment in a federal habeas action filed in the Northern District of Florida in case number 3:02-cv-362-LC-MD, which was denied.  Id.

[4] The information charged the following three counts:
Count 1: on or about the dated of and between March 21, 2010 through April 6, 2010 in the County and State aforesaid, did unlawfully engage in the practice of law in the State of Florid and while not being licensed or otherwise authorized to practice law in Florida specifically regarding his client, JOSEPH W. FINFROCK, in DeSoto County felony cases of 09-CF-397, contrary to Florida Statue 454.23, in such case made, and provided against the peace and dignity of the State of Florida.
Count 2: on or about the dated of and between March 21, 2010 and April 6, 2010 in the County and State aforesaid, did unlawfully engage in the practice of law in the State of Florid and while not being licensed or otherwise authorized to practice law in Florida specifically regarding his client, TARIMMUS DEMANTAS MAXWELL, in DeSoto County felony cases of 09-CF-397, contrary to Florida Statue

3 (citing Exh. 1).    The  first  count  was  *nolle  prosequii*.
Petitioner,  represented  by  counsel,  entered  a  negotiated  no
contest  plea  to  the  remaining  counts  with  the  understanding  that
he  would  be  sentenced  to  365  days  in  jail,  with  credit  for  365
days  of  time  already  served.   Response  at  3  (citing  Exh.  3).   In
accordance  with  the  plea  agreement,  the  court  adjudicated
Petitioner  guilty  and  sentenced  him  to  time  served.   Id. (Exh. 4).

     Petitioner  was  then  returned  to  the  general  population  at  the
FCCC.  Response  at  3.    Subsequently,  Petitioner  filed  a  motion  to
withdraw  the  plea.    Response  at  3  (citing  Exh.  5).    The  state
court  dismissed  the  motion.    Response  at  3  (citing  Exh.  6).
Petitioner  directly  appealed  his  conviction  and  sentence.
Response  at  3.    Appellate  counsel  filed  an  Anders[5]  brief.
Response  at  3  (citing  Exh.  7).   Petitioner  filed  a  post-Anders
initial  brief.   Response  at  3  (citing  Exh.  8).   On  March  21,  2014,

_____

454.23,  in  such  case  made,  and  provided  against  the  peace  and
dignity  of  the  State  of  Florida.
     Count  3:   on  or  about  the  dated  of  and  between  March  21,  2010
and  April  6,  2010  in  the  County  and  State  aforesaid,  did  unlawfully
engage  in  the  practice  of  law  in  the  State  of  Florid  and  while  not
being  licensed  or  otherwise  authorized  to  practice  law  in  Florida
specifically  regarding  his  client,  "JAMES  DEWERCS"  AKA  DET.  PAUL
TIERNEY,  in  DeSoto  County  felony  cases  of  09-CF-397,  contrary  to
Florida  Statue  454.23,  in  such  case  made,  and  provided  against  the
peace  and  dignity  of  the  State  of  Florida.

     [5] Anders v. California, 386 U.S. 738 (1967).

the appellate court *per curiam* affirmed Petitioner's conviction and sentence.   Response at 3 (citing Exh. 9).

Petitioner then initiated the instant action raising the following two grounds for relief: (1) the court lacked subject matter jurisdiction because the Ryce Act does not allow him to be charged with practicing law without a license; and (2) he was convicted of a non-existent crime because writing a letter to an inmate is not a crime.   Petition at 5, 7.   As relief, Petitioner requests that the Court: "a) vacate and expunge all counts of PLWL charges; b) issue declaratory judgment that arrest and conviction was illegal; c) issue an injunction prohibiting FCCC from criminally charging any resident of a crime that is not one of the charging crimes enumerated by the Florida legislature."   <u>Id.</u> at 15.

### III.

Initially, this Court must address whether Petitioner was "in custody" for purposes of 28 U.S.C. § 2254 when he filed the instant Petition because the question is one of subject matter jurisdiction.   <u>Howard v. Warden</u>, 776 F.3d 772, 775 (11th Cir. 2015) (citing <u>Maleng v. Cook</u>, 490 U.S. 488, 490 (1989)).   A § 2254 petitioner must show that at the time he filed the petition, he was "in custody pursuant to the judgment of a State court."   28 U.S.C. § 2254(a).   The Eleventh Circuit has construed this

- 5 -

requirement "very liberally," Howard, 776 F.3d at 775 (citation omitted), and it is well settled that the "use of habeas corpus [is] not . . . restricted to situations in which the applicant is in actual, physical custody." Id. (citing Jones v. Cunningham, 371 U.S. 236, 239 (1963)).   For example, the Supreme Court has permitted habeas review to petitioners released on parole, released on their own recognizance pending execution of a sentence, and free on bail.   Id.

The key factor in determining whether a petitioner is "in custody" is whether the state exercises some control over the petitioner relating to the conviction the petitioner now challenges in the habeas action.   Id. at 775-776 (emphasis added). The Eleventh Circuit, taking guidance from the Seventh Circuit, explained, "[a]lthough the word 'custody' is elastic, all definitions of it incorporate some concept of ongoing control, restraint, or reasonability of the custodian."   Id. at 776 (quoting Samirah v. O'Connell, 335 F.3d 545, 549 (7th Cir. 2003); see also Cook, 490 U.S. at 492, 109 S. Ct. at 1926 ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to a situation where a habeas petitioner suffers no present restring from a conviction.")).

Here, Petitioner is civilly detained at the FCCC on charges entirely unrelated to his plea-based practicing law without a license conviction for which he was sentenced to time served.  See supra at 3, n.3.  Because Petitioner is not serving a sentence for his practicing law without a license conviction, he cannot bring a federal habeas action directed solely at that conviction. Lackawanna County Dist. Attorney v. Coss, 532 U.S. at 394, 404 (2001).  Nor does Petitioner claim the practicing law without a license for which he was sentenced to time-served in any way enhanced his civil commitment.

Further, the Court notes that Petitioner entered a no contest plea to the charge of practicing law without a license.  A federal habeas court reviews a state court guilty plea only for compliance with federal constitutional protections.  A plea of no contest has the same legal effect in a criminal proceeding as a guilty plea. Carter v. Gladish, Case No. 8:03-cv-1194-T-17TBM, 2005 WL 1712263 *9 (M.D. Fla. 2005) (noting under Florida law a plea of no contest has the same legal effect in a criminal proceeding as a guilty plea).  "A reviewing federal court may set aside a state court guilty plea only for failure to satisfy due process: 'If a defendant understands the charges against him, understands the consequences of a guilty plea, and voluntarily chooses to plead guilty, without being coerced to do so, the guilty plea . . . will be upheld on

federal review.'" <u>Stano v. Dugger</u>, 921 F.2d 1125, 1141 (11th Cir. 1991)(other citations omitted).  For a guilty plea to be entered knowingly and intelligently, "'the defendant must have not only the mental competence to understand and appreciate the nature and <u>consequences</u> of his plea but he also must be reasonably informed of the nature of the charges against him, the factual basis underlying those charges, and the <u>legal</u> <u>options</u> <u>and</u> <u>alternative</u> <u>that</u> <u>are</u> <u>available</u>.'"  <u>Finch v. Vaughn</u>, 67 F.3d 909, 914 (11th Cir. 1995) (citations omitted) (emphasis in original).

The record supports the finding that Petitioner knowingly, intelligently, and voluntarily entered his no contest plea.  <u>See</u> Exh. 1 at 30-33. The transcript from the plea hearing shows that Petitioner was present when counsel told the Court that Petitioner was entering the plea.  <u>Id.</u> Petitioner stated under oath that he discussed the case with his attorney, his lawyer explained all of his rights to him with respect to the plea, and he understood what his sentence would be if he plead no contest to the charges even prior to the plea colloquy.  <u>Id.</u>  Petitioner stated that he was not forced or threatened to enter the plea, and that he read his plea form.  <u>Id.</u>  The instant Petition does not challenge whether Petitioner's plea was knowingly, intelligently, and voluntarily entered.  Instead, Petitioner continues to attack the validity of the charges itself, which he plead to.

ACCORDINGLY, it is hereby

**ORDERED:**

1.  The Petition for Writ of Habeas Corpus (Doc. #1) is **DISMISSED.**

2.  Petitioner's motion for preliminary injunction, restraining order motion to compel (Doc. #10) is **DENIED.**

3.  Petitioner's objections to the Magistrate Judge's Order (Doc. #18) are duly noted, but nevertheless **DENIED.**

4.  The Clerk of Court shall terminate any pending motions, enter judgment accordingly, and close this case.

**A CERTIFICATE OF APPEALABILITY AND LEAVE TO APPEAL *IN FORMA PAUPERIS* DENIED.**

**IT IS FURTHER ORDERED** that Petitioner is not entitled to a certificate of appealability on either petition.  A prisoner seeking to appeal a district court's final order denying his petition for writ of habeas corpus has no absolute entitlement to appeal but must obtain a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Harbison v. Bell, 556 U.S. 180, 184 (2009).  "A [COA] may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  To make such a showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or

wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) or, that "the issues presented were adequate to deserve encouragement to proceed further", <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003)(citations and internal quotation marks omitted). Petitioner has not made the requisite showing in these circumstances. Finally, because Petitioner is not entitled to a certificate of appealability, he is not entitled to appeal *in forma pauperis*.

**DONE** and **ORDERED** in Fort Myers, Florida on this   14th   day of January, 2016.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

SA: ftmp-1
Copies: All Parties of Record